**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| FEDERAL INSURANCE COMPANY, AS | § | |
| SUBROGATED TO THE INTERESTS OF | § | |
| GOODMAN GLOBAL GROUP, INC.  and | § | |
| GOODMAN MANUFACTURING | § | |
| COMPANY, L.P. | § | C. A. NO. _____ |
| Plaintiff | § | |
| v. | § | |
| | § | |
| C. H. ROBINSON FREIGHT SERVICES, | § | |
| LTD. d/b/a C. H. ROBINSON FREIGHT | § | |
| SERVICES (SINGAPORE) PTE., LTD.; C. | § | |
| H. ROBINSON INTERNATIONAL, INC.; | § | |
| PREMIER EXPEDITORS, INC. d/b/a PEI, | § | |
| INC.; INTEGRATED AIRLINE | § | |
| SECVICES, INC. and EVA AIRWAYS | § | |
| CORPORATION, | § | |
| Defendants | | |

## COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Federal Insurance Company, as subrogated to the interests of Goodman Global Group, Inc., and Goodman Manufacturing Company L.P. (collectively "Goodman" or "Plaintiff"), in the above-entitled and numbered cause, complaining of C.H Robinson Freight Services (Singapore) Pte. Ltd. ("Robinson") and C.H Robinson International Inc.  ("CHRI"); Premier Expeditors, Inc. d/b/a PEI, Inc. ("PEI"), Integrated Airline Services, Inc.. ('IAS"), and EVA Airways Corporation ("EVA"). hereafter collectively called "Defendants" herein, and in support would show the Court as follows.

**I.
PARTIES**

1.      Plaintiff, Federal Insurance Company, is an Indiana insurance company, registered to do business in Texas, which paid the claim of the Texas corporations or limited partnerships, Goodman Global Group., Inc. and Goodman Manufacturing, Company, L.P. (collectively "Goodman"), and has become subrogated to their interest.  Goodman was the consignee of the Cargo in question, and Federal Insurance Company, as subrogated thereto, brings this action on its own behalf, and on behalf of, and for, the interests of all parties who may be or become interested in the goods ("air conditioner parts" or "Cargo") in question.

2.      Defendant, C. H. Robinson Freight Services, Ltd, d/b/a C. H. Robinson Freight Services (Singapore) Pte. Ltd. ("Robinson"), was and now is a company organized and existing under the laws of the State of Illinois, with locations in Texas, including at 900 Town & Country Lane, Suite 310, Houston, TX 77024.  Robinson does maintain a registered agent in the State of Texas, and thus may be served through its registered agent: Corporation Service Company d/b/a CSC Lawyers INCO, 211 E. 7th Street, Austin, Texas 78701.

3.      Defendant, C. H. Robinson International Inc. ("CHRI"), was and now is a company organized and existing under the laws of the State of Minnesota, with locations in Texas, including at 900 Town & Country Lane, Suite 310, Houston, TX 77024.  CHRI does maintain a registered agent in the State of Texas, and thus may be served through its registered agent: Corporation Service Company d/b/a CSC Lawyers INCO, 211 E. 7th Street, Austin, Texas 78701.

4.      Defendant Premier Expeditors, Inc. ("PEI"), is a Georgia corporate entity, headquartered at 598 Red Oak Rd., Stockbridge, GA 30281, which regularly does business in the State of Texas as a freight forwarder and/or motor carrier, registered with the U.S. Department of Transportation, with the power to sue and be sued. PEI regularly does business in the State of Texas, and/or the United States, as a common carrier of goods, and PEI may be served through

its process agent for Texas: Ramon Sandoval, 7577 Old Campbellton Road, San Antonio, Texas 78264.

5.      Defendant Integrated Airline Services, Inc. ("IAS,") is a freight forwarder and/or motor carrier or cargo carriage company, organized and existing under the laws of the State of Colorado, which regularly does business in the States of Texas.  IAS does maintain a registered agent in the State of Texas, and thus may be served through its registered agent: CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

6.      Defendant EVA Airways Corporation ("EVA,") is an international air carrier organized and existing under the laws of the country of Taiwan, with a location in Houston, Harris County, Texas and regular flights to Intercontinental Airport in Houston. EVA does maintain a registered agent in the State of Texas, and thus may be served through its registered agent: CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

**II.**
**JURISDICTION**

7.      Plaintiff's claim alleges causes of action over which this Court has original jurisdiction under Federal Question, 46 U.S.C. § 1331, The Warsaw Convention, as amended at The Hague, 1955, and by Protocol No. 4 of Montreal, 1975, 49 U.S.C. Sec. 40105; (international air carriage); Commerce Regulation, 28 U.S.C. § 1337(a); and the pendent jurisdiction of this court.

**III.**
**VENUE**

8.      Venue is proper in the Southern District of Texas because the delivery from an international air carriage was made in Houston, and the short delivery and Cargo damage was discovered and reported in Houston, Harris County, Texas.

**IV.**
**GENERAL**

9.      Whenever Plaintiff alleges that Defendants did any act or thing, it is meant that Defendants' officers, agents, servants, employees, or representatives, did such act or thing, and that at the time such act of thing was done with the full authorization or ratification of Defendants, or was done in the normal and routine course and scope of employment of Defendants' officers, agents, servants, employees or representatives.

**V.**
**FACTS AND FIRST CAUSE OF ACTION – BREACH OF CONTRACT**

10.      On or about August 10, 2021, Goodman contracted for Defendants CHRI, IAS, EVA, PEI, and/or Robinson, to provide logistics services, including crating, packing, securing, and otherwise preparing, and transporting and/or arranging for the transport of a shipment of air conditioner parts (the "Cargo" or "goods") from a location in Singapore and/or the Houston Intercontinental Airport, and/or finally to Goodman's facilities in the Houston area, for valuable consideration.

11.      Defendants EVA, PEI, and IAS were retained by, or through, Robinson, and/or CHRI in connection with the Shipment. Upon information and belief, EVA, PEI, and IAS were retained to pick-up, transport and deliver the Cargo from Singapore to Houston, and/or from the Houston Airport to the designated destination of Goodman in the Houston area.

12.      Between August 10 and 18, 2021 the Cargo was delivered to EVA, IAS, CHRI, Robinson, and/or PEI (collectively "Defendants") in good order and condition, which the Defendants received the Cargo and accepted it for logistics services, securement and packing, and/or transportation to a specified destination in the Houston, Texas, area - Goodman's offices.

13. On or about August 18, 2021, the Cargo was delivered in Houston, Texas, to Goodman by Defendants, one or more of them, to the consignee in a short and/or damaged condition, as

evidenced by, inter alia, visible physical damage to, and/or loss of, a portion of the Cargo, causing the monetary losses complained of herein.

14.    The monetary loss incurred to Plaintiff as a result of the breach of their carriage and cargo handling agreement(s), the loss of, and/or damage to, the goods in transit, Plaintiff has suffered a loss of $230,737.85, for which Plaintiff demands recovery from the Defendants, jointly and severally.

## VI.
## NEGLIGENCE

15.    Alternatively, and without waiving the above causes of action, on or about August 10 to 18, 2021, IAS, CHRI, PEI, and Robinson were entrusted with carriage responsibility for Goodman's Cargo to be shipped from Singapore and/or the Houston Intercontinental Airport and further to Goodman in Houston, Texas.  EVA, CHRI, IAS, PEI, and Robinson were to have carried the Cargo from Singapore to Houston, Texas, and/or from the Houston airport to Goodman's designated Houston area destination, in good order and condition, and deliver it to Goodman's Houston office in Goodman in Houston, Texas, in good order and condition. However, Defendants failed to do so by their negligence and breaches of contract, causing the monetary losses complained of herein.

16.    Among those negligent activities causing or contributing to the damages and loss of the Cargo were:

      1)     negligently failed to properly instruct its employees and/or subcontractors, if any, and/or

      2)     negligently failed to properly assign a proper carrying container, and/or

      3)      negligently or improperly loaded, stowed (not upright), and/or improperly secured the Cargo within the air carriage container, or inland conveyance, and/or

4)     negligently counted and failed to deliver the entirety of the Cargo to the delivering parties, or

5)     the air carriage container, and/or land conveyance had a defect or defects which Defendants negligently failed to detect prior to loading the air conditioner parts in question, which led to damage to, and short delivery of, Plaintiff's Cargo during the subsequent carriage thereof.

17.    PEI, EVA, CHRI, IAS, and Robinson, as cargo carriers, securement and packing/ rigging professionals, logistics providers, or freight forwarders, held themselves out as knowledgeable in the business of carrying electronic cargoes and warranted that the cargo carriage would be conducted in a safe and appropriate fashion for safe carriage of Goodman's goods from Singapore to Goodman in Houston, Texas.  However, IAS, EVA, CHRI, PEI, and Robinson, negligently failed to properly instruct its employees and subcontractors, if any, or improperly stowed (not upright), an/or improperly secured, dunnaged and chocked the Cargo within the carrying container(s) or conveyances, which led to movement of the Cargo during carriage, causing damage to Goodman's Cargo during the carriage thereof.

18.    IAS, PEI, and Robinson, as logistics providers, securement/ rigging professionals, and/or carriers of the goods, were entrusted with delivery from a movement from Singapore, and/or the Houston Intercontinental Airport to Goodman in Houston, Texas. IAS, EVA, CHRI, PEI, and/or Robinson undertook securement, dunnaging, and/or carriage responsibility for the Cargo, and agreed to package, transport, and safeguard the Cargo during its transportation culminating in its planned delivery to Goodman in Houston, Texas, at Goodman's Houston office, from Singapore and/or Houston's Intercontinental Airport on or about August 18, 2021.

19.     On or about August 18, 2021, Defendants failed in their obligations to safely transport the Cargo of Air conditioner parts and their peripheral equipment, and the Cargo was delivered damaged in Goodman in Houston, Texas on or about August 18, 2021.

20.     IAS, EVA, CHRI, PEI, and/or Robinson understood, upon agreeing to become involved in the movement of Goodman's Cargo, on August 18, 2020, that the Air conditioner part Cargo was of a sensitive and fragile nature, requiring certain sensitive treatment which were marked on the crates, including the requirement of upright stowage during carriage.  However, IAS, PEI, EVA, CHRI, and/or Robinson improperly and negligently stowed, secured, rigged, dunnaged, braced and chocked the Cargo within the carrying container(s) or conveyances.  Furthermore, IAS, EVA, CHRI, PEI, and/or Robinson mishandled, improperly stowed, secured and rigged, and/or roughly treated the Cargo of air conditioner parts during carriage.

21.     IAS, EVA, CHRI, PEI, and/or Robinson owed Goodman, and the Cargo, the duty of proper stowage, bracing, chocking, securement and/or rigging upon acceptance of the Cargo, and IAS, EVA, CHRI, PEI, and/or Robinson should have inspected and rejected the stowage, bracing, chocking, securement and rigging for carriage, if they deemed it defective upon receipt. If they had done so, as required, the discovery of any defect would have required supplementation of the securement, chocking, rigging, and dunnaging methods on the cargo container trailer, and would have prevented the damages asserted herein.  However, IAS, EVA, CHRI, PEI, and/or Robinson failed in their inspection responsibility and allowed IAS, EVA, CHRI, PEI, and/or Robinson's defective stowage (on its side) , and or improper dunnaging, rigging, chocking and securement of the Cargo on the cargo container(s) or conveyances, to cause damage to the Cargo during transit to Goodman's facility in Houston, all to Goodman's detriment, and causing the damages complained of herein.

22.    Defendants IAS, PEI, EVA, CHRI, and/or Robinson undertook stowage, carriage, inspection, rigging, securement, and/or handling responsibilities, (or carriages, inspection and/or handling by others of their own choosing) and failed to redeliver the Cargo in the same good order and condition as received and are thus liable to Goodman for the damages in the monetary amount stated herein.

23.    IAS, CHRI, EVA, PEI, and/or ROBINSON became involved in the  carriage of Goodman's goods from Singapore and/or the Houston airport to Goodman in Houston, Texas without making any exceptions on the bills of lading for Cargo damage, or making any exceptions for the allegedly defective state of CHRI, EVA, PEI IAS, and/or Robinson's securement, and thus became liable under the doctrine of *res ipsa loquitur* for damages to Goodman's Cargo.

24.    Defendants, IAS, PEI, and Robinson, undertook to properly stow the Cargo upright, and to properly dunnage, rig, chock and secure the Cargo onto or within the carrying container(s) or conveyances and accepted the dunnaging, rigging, chocking and securement of the Cargo on the cargo container or trailer, which efforts were, in fact, unfit for their intended purpose. PEI, EVA, CHRI, IAS, and/or Robinson agreed to stow, carry, store, secure, or to arrange for carriage of the Cargo and delivered to Goodman in Houston, Texas on or about August 12, 2021.  The Cargo was not delivered safely at the intended destination in Goodman in Houston, Texas, and the Air conditioner parts were damaged due to the fault and negligence of IAS, PEI, EVA, CHRI, and/or Robinson in:

       1)    deficiently packing, rigging, chocking, securing, and dunnaging the Cargo aboard the cargo container trailer for the intended carriage,

       2)    damaging the Cargo during carriage, and/or,

       3)    improper count upon intermediate delivery, and/or

4)       for delivering the Cargo in a damaged or short condition which did not

exist upon presentment for carriage.

## VII.
## JOINT AND SEVERAL LIABILITY

25.     IAS, EVA, CHRI, PEI, and/or Robinson are therefore liable, jointly and severally, for the

damage to the goods in question.

## VIII.
## SUBROGATION

26.     Goodman paid a claim presented to it to its underwriters. Federal Insurance Co. who, in

turn, paid Goodman, for the damages.  By paying Goodman's claim, Federal Insurance Co.

became fully subrogated to the rights of Goodman, and now brings this action on its own behalf,

and, as agent and trustee, on behalf of and for the interest of all parties who may be or become

interested in the shipment, as their respective interests may ultimately appear, and Plaintiff is

entitled to maintain this action.

## IX.
## RES IPSA LOQUITUR COUNT

27.     In the alternative, and without waiving the above causes of action, Plaintiff further relies

on the doctrine of res ipsa loquitur, as the Cargo was damaged while within the care and/or

custody of the Defendant CHRI or Robinson (who employed all others), which, in the ordinary

course of events, would not have occurred without negligence on the part of the Defendant CHRI

or Robinson, which negligence proximately caused the short delivery and damages to the Cargo

in question.

## X.
## VIOLATION OF DUTY UNDER STANDARD OF CARE

28.     Defendants IAS, EVA, CHRI, PEI, and/or Robinson, acting as common carrier(s) and/or

bailee(s), failed to exercise the requisite care and protection of the Cargo, failed to properly

instruct others, and/or failed to safely deliver the Cargo from Singapore, and/or the Houston airport, to Goodman's designated location in Houston, Texas, in the same condition as they received it.  Defendants thus breached their duties as a carriers, cargo handlers, and/or bailees, which breach(es) proximately caused the damages to the Cargo in question.

## XI.
## GENERAL ALLEGATIONS FOR ALL COUNTS

29.     Plaintiff was the authorized consignee and/or was the contractually responsible party concerning the shipment of the goods in question, air conditioner parts, and brings this action on its own behalf and, as agent and trustee, on behalf of and for the interest of all parties who may be or become interested in the shipment, as their respective interests may ultimately appear, and Plaintiff is entitled to maintain this action.

## XII.
## CONDITIONS PRECEDENT

30.     Plaintiff has duly performed all duties and obligations on its part to be performed.

## XIII.
## AD DAMNUM CLAUSE

31.     As a direct result of the activities above, and the damages to the Cargo in question caused by Defendants, Plaintiff suffered monetary losses in the amount of $230,737.85, as nearly as same can now be estimated.  Plaintiff retained the undersigned attorneys to present its claims to the Defendants, and its claims have been presented to the Defendants.  However, the claims have not been paid, although duly demanded.  Plaintiff has performed all conditions precedent necessary to allow recovery, and now demands payment in full, jointly and severally from IAS, PEI, EVA, CHRI, and/or Robinson for the monetary damages stated above.

## XIV.
## ATTORNEY'S FEES

32.     Plaintiff sent written notice of its claim to Defendants more than thirty (30) days ago, but Defendant have failed and refused to pay the balance owed.  Plaintiff, therefore, has retained the undersigned attorney and seeks reasonable and necessary attorney's fees in the amount of at least $80,000.00 through trial, plus all reasonable and necessary attorney's fees under Chapter 38 of the Texas Civ. Prac. & Rem. Code, incurred on any appeals or in collection of a judgment. Plaintiff further seeks prejudgment interest, post-judgment interest, and all cost of court.

## XV.
## INTEREST

33.     Plaintiff further seeks prejudgment interest, post-judgment interest, and all cost of court.

## XVI.
## JURY DEMAND

34.     Plaintiff requests trial by jury.

        WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court issue a summons to Defendants, IAS, PEI, EVA, CHRI, and/or Robinson, requiring them to appear, and that this Court award judgment to Plaintiff and against Defendants Jointly and severally, including damages of $230,737.85, pre-judgment interest, post-judgment interest, attorney's fees, costs of court, and such other and further relief to which Plaintiff may show itself to be justly entitled.

Respectfully submitted,

*/s/ Dana K. Martin*

_____

DANA K. MARTIN
SDTX ID.NO. 126
Texas Bar No.: 13057830
HANNAH E. TAYLOR
Texas Bar No.: 24130722
HILL RIVKINS LLP
1000 N. Post Oak Rd, Suite 220
Houston, Texas 77055
Telephone:    (713) 222-1515
Direct Line:  (713) 457-2287
Mobile:       (713) 446-9311
Telefax:      (713) 222-1359
Email: dmartin@hillrivkins.com
htaylor@hillrivkins.com

**ATTORNEYS IN CHARGE FOR
PLAINTIFF**